IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GENEVA KATHRYN HOWANIETZ,  *
                            *
        Plaintiff,          *
vs.                         *    No. 4:19-cv-00118-SWW
                            *
                            *
LORENZO LAMBERT WATSON and  *
SCHENK & SONS, INC.,        *
                            *
        Defendants.         *

_____

SCHENK & SONS, INC.,        *
                            *
        Counterplaintiff,   *
vs.                         *
                            *
                            *
GENEVA KATHRYN HOWANIETZ,   *
                            *
        Counterdefendant,   *

ORDER

Geneva Kathryn Howanietz brings this action against Lorenzo Lambert Watson and his employer, Schenk & Sons, Inc. (Schenk), alleging that on the afternoon of August 2, 2018, she was driving a 1997 Toyota T-100 when Watson, driving a 2014 Kenworth Tractor Trailer owned by Schenk, negligently and carelessly failed to yield the right of way and caused her to collide with the side of his vehicle, resulting in damages to herself and her vehicle. Schenk has counterclaimed against Howanietz, claiming that Howanietz

recklessly and negligently caused the accident, resulting in excess of $75,000 damages to Schenk.

Before the Court is a motion [doc.#14] of Watson to dismiss on grounds that both the process and service of process were insufficient. Howanietz has responded in opposition to Watson's motion.

I.

Howanietz filed this action in the Circuit Court of White County, Arkansas on January 4, 2019, and summons was issued to defendants. Schenk was served the summons and complaint on January 16, 2019. Defendants removed the action to this Court on February 13, 2019, and answered Howanietz's complaint on March 1, 2019. Howanietz served the summons and complaint on Watson on May 1, 2019.

II.

Watson argues that service upon him was not made until 117 days after the filing of the complaint and must be dismissed pursuant to Fed. R. Civ. P. 4(m), which provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant…" Watson further argues that the summons is defective in that it wrongly advises that a written answer must be filed with the clerk of the White County Circuit Court within 30 days. Watson argues that this Court thus does not have jurisdiction over him.

The Court finds that service on Watson was timely because Watson was served within 90 days after defendant removed the action to this Court. The time for serving Watson under Arkansas law had not expired at the time of removal to this Court, and the time for serving him after removal to this Court began running on the date of removal. See, *e.g., Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 10th Cir. 2010) ("Once Microsoft removed the case to federal court prior to the expiration of the ninety-day period for service under state law, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) gave Mr. Wallace an additional [90] days in which to perfect service."); *Hall v. O'Clallaghan*, 4:13cv3066, 2013 WL 12141247, at *2 (D. Neb. June 26, 2013) (Rule 4(m)'s time limit for service did not begin to run until the action was removed to federal court).

To the extent the summons is defective, Rule 4(a)(2) allows the Court to permit a summons to be amended. Watson has not shown he was prejudiced by the summons advising that a written answer must be filed with the clerk of the White County Circuit Court within 30 days. Watson had notice of the proceeding, filed a notice of removal, filed an answer, and filed a motion to dismiss. At this point in the proceedings, the defect in the summons is harmless. Accordingly, the Court will permit Howanietz permission to amend the summons and serve Watson with the summons and complaint *nunc pro tunc* within twenty one (21) days of the date of entry of this order. *Cf. Ward v. Kramer School Art Loft Limited Partnership*, 4:13cv0660 JM, 2015 WL 12835622, at *2 (E.D. Ark. Feb. 10, 2015) (allowing plaintiff permission to amend defective summons and serve the

defendant *nunc pro tunc* where defendant had notice of the proceeding, filed a motion to dismiss, and the mistake on the summons was, at that point in the proceedings, harmless); *Broadway v. adidas America, Inc.*, No. 3:07cv000149 SWW, 2008 WL 2705566, at *4 (E.D. Ark. July 10, 2008) ("Under federal law, if the summons and complaint have been successfully delivered to the defendant and service is otherwise proper, purely technical errors in the form of the summons may not invalidate service absent a showing of prejudice.").

III.

For the foregoing reasons, the Court denies Lorenzo Lambert Watson's motion [doc.#14] to dismiss. The Court will permit Geneva Kathryn Howanietz permission to amend the summons and serve Watson with the summons and complaint *nunc pro tunc* within twenty one (21) days of the date of entry of this order.

       IT IS SO ORDERED this 27th day of June 2019.

                /s/Susan Webber Wright
                UNITED STATES DISTRICT JUDGE